UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON ROMAN,
     Petitioner,

v.                         Case No. 8:24-cv-1202-KKM-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,
     Respondent.
_____

## ORDER

Roman, a Florida inmate, filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 5), and Roman's reply, (Doc. 6), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

## I.   BACKGROUND

Roman pleaded guilty to two counts of armed burglary, one count of attempted second-degree murder, and one count of being a delinquent in possession of a firearm. (Doc. 5-2, Exs. 2-4.) The state trial court sentenced him to an overall term of 25 years in prison. (Doc. 5-2, Ex. 5.) The state appellate court per curiam affirmed the convictions and sentence. (Doc. 5-2, Ex. 9.) The state appellate court also per curiam affirmed the

1

denial of Roman's motions for postconviction relief under Florida Rule of Criminal Procedure 3.850 and to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Doc. 5-2, Exs. 11, 12, 14, 19, 21, 22, 26, 28, 29, 33.)

## II.    THE PETITION'S UNTIMELINESS

### A. Introduction

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Roman concedes that his petition is untimely under § 2244(d)(1)(A). The state appellate court affirmed his convictions and sentence on December 6, 2019. (Doc. 5-2, Ex. 9.)  Roman's judgment became final 90 days later, on March 5, 2020, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

Before that date, Roman filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on February 17, 2020. (Doc. 5-2, Ex. 11.) The motion remained pending until the state appellate court's mandate issued on June 18, 2021. (Doc. 5-2, Ex. 20.) Roman also filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a) on November 17, 2020, before the June 18, 2021 mandate. (Doc. 5-2, Ex. 21.) The Rule 3.800(a) motion remained pending until the state appellate court's mandate issued on July 13, 2021. (Doc. 5-2, Ex. 27.)

The AEDPA limitation period began running the next day, July 14, 2021. Roman had until July 14, 2022, absent any tolling, to file his § 2254 petition. The July 14, 2022 deadline passed before Roman filed any other tolling applications in state court. Roman's § 2254 petition, filed on May 16, 2024, is therefore untimely under § 2244(d)(1)(A).

Roman's subsequent Rule 3.800(a) motion to correct an illegal sentence, filed on November 30, 2022, did not affect the federal petition's timeliness because the AEDPA limitation period cannot be revived. (Doc. 5-2, Ex. 28); *see Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.' " (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). But Roman asserts that the Court can still review his petition.

B.    Roman's Arguments for Review of the Petition

3

### 1. Later Start of the Limitation Period Under 28 U.S.C. § 2244(d)(1)(D)

Roman asserts that he is entitled to a later start of the limitation period under § 2244(d)(1)(D). Section 2244(d)(1) lists four potential starting dates for a petitioner's AEDPA limitation period. The period starts on the "latest of" these four dates. 28 U.S.C. § 2244(d)(1). This date is usually the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under § 2244(d)(1)(A), as addressed above. Under § 2244(d)(1)(D), the limitation period starts on the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In his § 2254 petition, Roman alleges that his attorney entered the plea on his behalf. He contends that the state court judgment violates his Fifth and Fourteenth Amendment rights because he was "sentenced to prison without having been validly convicted via either jury verdict or plea."[1] In his second Rule 3.800(a) motion to correct an illegal sentence, Roman similarly argued that he never entered a valid plea. (Doc. 5-2, Ex. 28.)

---

[1] During the plea colloquy, Roman stated that he understood his rights, that no one was forcing him to enter the plea, and that he wanted to enter the plea. (Doc. 5-2, Ex. 3, pp. 9-16.) When the state trial court asked how Roman was pleading, counsel stated, "No contest." (*Id.*, p. 17.) The court said it was not inclined to accept a no contest plea. (*Id.*) Counsel responded, "Okay. Then I guess he'll have to plead guilty then." (*Id.*) Roman did not object to counsel's statements. (*Id.*)

Roman contends that the state appellate court's decision affirming the denial of his second Rule 3.800(a) motion on May 16, 2023, is the triggering event under § 2244(d)(1)(D). He argues that his § 2254 petition "is timely since it is filed within one year of when he learned by issuance of the appellate mandate that Florida's courts would uphold the legality of him being sentenced despite never having personally entered a plea." (Doc. 1, pp. 6-7.) If the AEDPA limitation period began running on May 17, 2023, Roman's § 2254 petition would be timely.

The state appellate court's ruling does not entitle Roman to a later starting date under § 2244(d)(1)(D). Section 2244(d)(1)(D) concerns the *factual predicate* of the claim, rather than a state court's ruling on the claim. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014) ("Section 2244(d)(1)(D) runs the statute-of-limitations clock from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence." (brackets, ellipses, internal quotation marks, and citation omitted)). And that "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, *not when the prisoner recognizes their legal significance*." *Id.* at 1157 (quoting *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000)).

Moreover, the critical factual allegation supporting Roman's claim—that he did not enter the plea personally—was known to Roman from the time he was adjudicated guilty in state court. This factual predicate of Roman's claim is distinct from the state court's

decision rejecting his legal challenge to the judgment. Roman is not entitled to a later start date of the limitation period under § 2244(d)(1)(D).

### 2. Equitable Tolling

Roman next argues that he is entitled to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). The applicability of equitable tolling depends on a case's facts and circumstances. *See Holland*, 560 U.S. at 649-50 (stating that equitable tolling

6

decisions are made on a case-by-case basis); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (stating that for purposes of equitable tolling, "[e]ach case turns on its own facts").

Roman asserts that he was 17 years old at the time of the crime and "is imprisoned based on a plea that his attorney, not he, made, after the state court rejected the plea that he was himself willing to make." (Doc. 6, p. 4.) He further alleges that he was unaware of this claim until his family hired a postconviction attorney who recognized the claim and brought it in his second Rule 3.800(a) motion to correct an illegal sentence. Roman also contends that his case involved misconduct of his trial and appellate attorneys for failing to raise the issue of his attorney's entering the plea.

Roman has not established that exceptional circumstances prevented him from timely seeking federal habeas relief. First, Roman's factual allegations challenging the validity of his judgment do not reflect a "truly extraordinary" circumstance for equitable tolling purposes. *Johnson*, 340 F.3d at 1226.

Additionally, while Roman alleges that he was unaware of the claim before filing his second Rule 3.800(a) motion, a petitioner's lack of knowledge about the law is not an exceptional circumstance. *See Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) (stating that the petitioner's "ignorance of the law" and "limited legal experience" did not warrant equitable tolling); *Jones v. Warden*, 683 F. App'x 799, 800 (11th Cir. 2017) ("A

lack of legal education or related confusion does not constitute an extraordinary circumstance for a failure to file a federal petition in a timely fashion.").

Nor does Roman show that his state court attorneys' failure to bring his claim earlier is an extraordinary circumstance. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (stating that "counsel's mistake in miscalculating the limitations period . . . is simply not sufficient to warrant equitable tolling"); *Damren v. Florida*, 776 F.3d 816, 821-22 (11th Cir. 2015) (stating that an attorney's miscalculation of a filing deadline does not rise to the level of an extraordinary circumstance required for equitable tolling); *Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1071 (11th Cir. 2011) (stating that an attorney's failure to act quickly enough to allow timely filing of a federal habeas petition is not in itself sufficient to warrant equitable tolling).

Because he does not show that extraordinary circumstances prevented him from timely seeking federal habeas relief despite the use of diligence, Roman has not shown that equitable tolling is warranted.

### 3. Actual Innocence

Finally, Roman asserts that the Court can review his petition because he is actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (permitting review of an untimely § 2254 petition if petitioner proves his actual innocence). To prove his actual innocence, Roman must establish that in the light of new evidence, "no juror, acting

reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The category of cases that satisfy this standard is "severely confined." *Perkins*, 569 U.S. at 394-95.

Roman asserts that he is innocent because he did not enter the plea personally. Recognizing that this is not a typical actual innocence claim under *Perkins*, Roman contends that "[t]here is no logical reason why a defendant who never even entered a plea and is nonetheless imprisoned is less deserving of federal habeas consideration and relief than one who is imprisoned because he did plea, or was found guilty by a jury, and later claims actual innocence." (Doc. 6, p. 5.)

Roman's argument is unavailing. He argues that he did not admit to the crimes at the change of plea hearing. But Roman does not come forward with new, reliable evidence of his actual innocence. "It is important to note [in attempting to make the requisite showing] that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, (1992)). Roman has not shown that he is entitled to the review of his untimely § 2254 petition based on a showing of actual innocence.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

Roman is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The

district court or circuit court must issue a COA. *Id.* To obtain a COA, Roman must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Roman cannot satisfy the second prong of the *Slack* test. As Roman is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that Roman's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Roman and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on December 23, 2024.

Kathryn Kimball Mizelle
United States District Judge